UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY CHUKWUKA MOORE,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS,<br><br>Respondent. | No.  1:26-cv-00444-DAD-AC (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 4) |

On January 20, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  On February 2, 2026, petitioner also filed a motion for temporary restraining order requesting his immediate release and an order enjoining respondents from re-detaining him without first providing a pre-detention hearing before a neutral adjudicator where respondents would bear the burden to demonstrate that he is a danger to the community or a flight risk.  (Doc. No. 4.)  On February 3, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD (HC), 2025 WL 3280782 (E.D. /////

1

Cal. Nov. 25, 2025), where the court concluded that the arrest of the petitioner at his adjustment of status interview violated the Immigration and Nationality Act ("INA").  (Doc. No. 6.)

On February 5, 2026, respondent filed an opposition to the motion for temporary restraining order.  (Doc. No. 9.)  Respondent concedes therein that there does not appear to be any substantive distinctions between this case and *Franco*.  (*Id.* at 1.)  Respondent also states that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction.  (*Id.*)  Moreover, respondent state that she does not oppose resolving the underlying petition for writ of habeas corpus on the current briefing.  (*Id.*)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States on January 17, 2020 and filed an application for adjustment of status on February 1, 2025.  (Doc. No. 1 at 8.)  On July 15, 2025, petitioner arrived at his adjustment of status interview and, immediately after the interview, was arrested by immigration authorities.  (*Id.* at 6.)

Because respondent has conceded that this case is not substantively distinct from the court's prior order in *Franco*, the court incorporates and adopts the reasoning set forth in that order and finds that petitioner's continued detention violates due process.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondent is ORDERED to immediately release petitioner from respondent's custody;

    b.    Respondent is ENJOINED AND RESTRAINED from using the adjustment of status process to re-detain petitioner, including at or near any future interview related to petitioner's adjustment of status;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 4) is hereby DENIED as having been rendered moot in light of this order;

/////

2

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4.    The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:    **February 6, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3